UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THOMAS MORGAN SOPER II, <br><br> Petitioner, <br><br> v. <br><br> JIM WOOLF, <br><br> Respondent. | Case No. 4:13–cv-00302-CWD <br><br> **MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Respondent's Motion for Summary Dismissal, which is now fully briefed. (Dkts. 16, 21, 25.) Also pending is Petitioner's Motion to Order Release of Transcript, and several other motions. (Dkt. 23, 18, 24, 27.) Both parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c). (Dkt. 11.)

Having reviewed the record, including the state court record, the Court finds the parties have adequately presented the facts and legal arguments in the briefs and record and that the decisional process would not be significantly aided by oral argument. Therefore, the Court will decide this matter on the written motions, briefs, and record without oral argument. D. Idaho L. Civ. R. 7.1(d). The Court enters the following Order, granting the Motion for Summary Dismissal.

**MEMORANDUM DECISION AND ORDER - 1**

## FACTUAL BACKGROUND

Petitioner pleaded guilty to and was convicted of one count of felony driving under the influence, in the Fifth Judicial District Court in Cassia County, Idaho. The judgment of conviction was entered on April 17, 2012. (State's Lodging A-20, A-19.) Petitioner filed a Rule 35 motion to reconsider the sentence on July 30, 2012. (State's Lodging A-23). The state district court denied the motion to reconsider on August 3, 2012. (State's Lodging A-26.)

Even though the time period for appeal is only 42 days, Petitioner did not file a notice of appeal in his criminal case until January 22, 2013, which was 280 days after judgment was entered, and 172 days after the order denying the motion to reconsider was entered. (State's Lodging A-27.) Petitioner was appointed counsel for the appeal. The Idaho Supreme Court conditionally dismissed the appeal as untimely. (State's Lodging B-1.) Through counsel, Petitioner filed a response to the order of conditional dismissal, recognizing that the notice of appeal was untimely, but reiterating that Petitioner would like to proceed with the appeal. (State's Lodging B-2.) The Idaho Supreme Court concluded that the notice of appeal was untimely and dismissed the action. (State's Lodging B-3.) The remittitur was issued on May 9, 2013. (State's Lodging B-4.) Petitioner did not file a petition for post-conviction relief in the state court.

Petitioner filed his federal Petition for Writ of Habeas Corpus on July 12, 2013. (Dkt. 3.) He brought four claims: (1) a Fourth Amendment claim that the arresting officer failed to show him the arrest warrant or inform him of the nature of the pending charges;

**MEMORANDUM DECISION AND ORDER - 2**

(2) a Sixth Amendment ineffective assistance of counsel claim that his counsel did not contest the fact that Petitioner was served with an unlawful warrant 143 days after his arrest, and that his counsel coerced him to plead guilty; (3) an Eighth Amendment claim that he was unlawfully imprisoned with no knowledge of the charges at the time of his arrest, and that his bail was set excessively high at $75,000 and later revoked; and (4) a Fourteenth Amendment claim that the State failed to abide by its own statutory commands, amounting to an arbitrary deprivation by the State.

The Court has already determined that Claim 3, unlawful imprisonment and excessive bail, is not cognizable on post-conviction federal habeas corpus review and is subject to dismissal for failure to state a federal claim upon which relief can be granted.

## MOTION FOR SUMMARY DISMISSAL

In the Motion for Summary Dismissal, Respondent asserts that all of Petitioner's claims are procedurally defaulted because he failed to properly present them to the Idaho Supreme Court.

**1.  Standard of Law**

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." The Court may also take judicial notice of relevant state court records in determining whether to dismiss a petition. Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006). Where appropriate, a respondent is permitted to file a

**MEMORANDUM DECISION AND ORDER - 3**

motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

A habeas petitioner must exhaust his remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This means that the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims in a petition seeking review before that court. *Id.* at 847.

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996). Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has completely failed to raise a particular claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a federal claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

**MEMORANDUM DECISION AND ORDER - 4**

To be an "adequate" state ground, a state court's procedural bar must be one that is "'clear, consistently applied, and well-established' at the time of the petitioner's purported default." *Martinez v. Klauser*, 266 F.3d 1091, 1093-94 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)). A state procedural bar is "independent" of federal law if it does not rest on federal grounds and is not intertwined with federal grounds. *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003).

### 2. Discussion of Claims that Were, or Could Have Been, Presented on Direct Appeal

The following claims could have been presented on direct appeal: Claim 1, the Fourth Amendment claim that the arresting officer failed to show him the arrest warrant or inform him of the nature of the pending charges; and Claim 4, the failure of a state to abide by its own statutory commands in the criminal procedures applied in his case.

The record is clear that Petitioner had 42 days in which to file an appeal, but he did not do so until 172 days beyond the last district court order issued in his criminal case, which was 130 days too late. *See* Idaho Appellate Rule 14(a). The record is also clear that the Idaho Supreme Court did not hear the merits of his appeal, but denied it at the outset as untimely.

Respondent sets forth a sufficient legal basis to show that the Idaho Supreme Court's rule regarding timeliness is an adequate and independent procedural bar. The Court is unaware of any cases in which the Idaho Supreme Court has overlooked the untimeliness of a notice of appeal and has heard the merits of such a case regardless of

**MEMORANDUM DECISION AND ORDER - 5**

when it was filed. The state-imposed filing deadline does not implicate federal law.
Therefore, Claims (1) and (4) are procedurally defaulted.

3. **Discussion of Claims that Should Have Been Brought on Post-Conviction Review**

In Idaho, the post-conviction setting is the "preferred forum for bringing claims of ineffective assistance of counsel," although in limited instances such claims may be brought on direct appeal "on purported errors that arose during the trial, as shown on the record" (as opposed to matters that must be proven by referring to evidence outside the trial court record). *Matthews v. State*, 839 P.2d 1215, 1220 (Idaho 1992). Assuming that Claim 2 —an ineffective assistance of counsel claim for failing to contest service of the arrest warrant and coercing Petitioner to plead guilty—is of the nature that it should have been brought on post-conviction appeal, the Court concludes that it is procedurally defaulted, because Petitioner did not bring a post-conviction action at all.

4. **Standard of Law Governing Exceptions to Procedural Default**

If a claim is procedurally defaulted, a federal district court can still hear the merits of the claim if a petitioner meets one of two exceptions: a showing of adequate legal cause for the default and prejudice arising from the default, *see Coleman v. Thompson*, 501 U.S. 722, 731 (1991), or a showing of actual innocence, which means that a miscarriage of justice will occur if the claim is not heard in federal court. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray*, 477 U.S. at 488. To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

## 5. Discussion of Petitioner's Cause and Prejudice and Miscarriage of Justice Arguments

### A. *Actions of Direct Appeal Counsel*

With any references to specific dates conspicuously missing from his argument, Petitioner alleges: "My assigned appellate attorney failed to file my brief with my claims after I sent them to her office. Sarah Thomas was my assigned attorney." (Dkt. 21, p. 3.) This allegation does not address why the pro se notice of appeal was filed 130 days late. Sarah Thomas of the state appellate public defender's office was not appointed to Petitioner's case until *after* he filed the notice of appeal. (Dkt. A-1.)

In any event, there was no reason for Ms. Thomas to file a pro se appellate brief from Petitioner unless the Idaho Supreme Court first determined it would allow the untimely appeal to proceed. Ms. Thomas's response to the Idaho Supreme Court's notice of conditional dismissal of the appeal acknowledged the lateness of the pro se notice of

appeal but reiterated Petitioner's desire to appeal. Nothing in the record suggests that there was any other plausible argument to be made on Petitioner's behalf.

Petitioner's argument fails for lack of a causal link, because his attorney had nothing to do with the lateness of Petitioner's notice of appeal, having been appointed after its late filing. Accordingly, this argument cannot serve as "cause" to excuse the procedural default of his claims.

B. *Access to the Courts Thwarted by Jail Officials*

As to conditions within the jail, Petitioner alleges:

> I do agree to the failure to file within 42 days after entry of judgment. The cause for my delay was in part that I was ignored by officers at the MiniCassia Criminal Justice Center (Jail) for my request to access the courts through the Law Library, of which at that time was being used as a holding cell in the booking dept.

(Dkt. 21, pp. 3-4.)

Like his other excuses for the late filing, Petitioner provides no factual details to support this claim. Nothing in the record shows that he was denied access to the courts for 172 days. Nothing in the record shows that Petitioner made a diligent effort to remedy the alleged problem via inmate concern forms or by informing the Idaho Supreme Court that lack of access to a law library was the reason that the notice of appeal was untimely, when Petitioner was given the opportunity to respond to the notice of intent to dismiss the appeal for untimeliness. Petitioner's conclusory statements offered to account for the long period of time during which the notice of appeal was delayed are insufficient to demonstrate adequate cause. *See Nigro v. Sullivan*, 40 F.3d 990, 997 (9th Cir. 1994) (no

**MEMORANDUM DECISION AND ORDER - 8**

cause shown where, even though prison officials delayed prisoner's receipt of a necessary form, the prisoner would have needed no more than a few days to fill out the form when he finally received it).

### C. *Failure of Trial Counsel to Aid with an Appeal*

Petitioner further alleges: "My assigned public defender Timothy Schneider would only file my Rule 35 Request. I was on my own [to file the notice of appeal] with no legal help whatsoever." (Dkt. 21, p. 4.) Again, Petitioner appears to be purposefully vague with his allegations, stopping short of stating that he asked Mr. Schneider to file a notice of appeal for him, and Mr. Schneider refused to do so.

An allegation of ineffective assistance of counsel (a secondary IAC claim) will serve as cause to excuse the default of another claim (the primary claim), *only* if the secondary IAC claim itself is not procedurally defaulted or, if defaulted, the petitioner can show cause and prejudice for the default of the secondary IAC claim. *Edwards v. Carpenter*, 529 U.S. 446, 454 (2000). Petitioner did not file a post-conviction action alleging that Mr. Schneider failed to file a notice of appeal for him; thus, the alleged ineffective assistance of Mr. Schneider cannot be used to excuse the default of the claims that Petitioner wished to bring in the direct appeal. In addition, the record does not reflect any other fact that constitutes cause to excuse the default of the secondary IAC claim. Hence, Petitioner has not shown cause for the default of his claims.

D. *No Martinez v. Ryan "Cause"*

In *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), the United States Supreme Court held that inadequate assistance of post-conviction review counsel or lack of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id*. at 1315. The only claim in the Petition to which *Martinez* might apply is Claim 2, which is a claim that Petitioner's trial counsel failed to contest service of the arrest warrant and coerced him into pleading guilty. The Court concludes that *Martinez* would not apply because Petitioner neither filed a post-conviction application, nor sought appointment of counsel to file a post-conviction application.

E. *Miscarriage of Justice*

Petitioner asserts that he is actually innocent of felony DUI, because the State cannot charge an individual with felony DUI unless a grand jury returns an indictment against him. Petitioner argues that an information is an inappropriate charging vehicle for the crime of felony DUI. He asserts that he is actually innocent of his DUI conviction because he was wrongly charged by information.

Respondent argues that this Court should extend the law to hold that a petitioner who pleaded guilty is not entitled to assert actual innocence. (Dkt. 25.) The Court finds it unnecessary to address this argument because it concludes that Petitioner's claim has no basis in the law. In *Warren v. Craven*, 271 P.3d 725 (Idaho App. 2012), the Idaho Court of Appeals explained:

**MEMORANDUM DECISION AND ORDER - 10**

> On any felony criminal charge, the State may proceed by indictment or information. IDAHO CONST. art. I, § 8 ("No person shall be held to answer for any felony ... unless on presentment or indictment of a grand jury or on information of the public prosecutor ...."); I.C. § 19–901; I.C.R. 7(a). Informations have long been held to be of equal dignity with indictments, subject to the limitations that a defendant may only be accused by information after commitment by a magistrate and that an information cannot be issued if the charge has been previously brought before and ignored by a grand jury. *Ex Parte Winn*, 28 Idaho 461, 462, 154 P. 497, 498 (1916); *see also State v. Edmonson*, 113 Idaho 230, 233, 743 P.2d 459, 462–63 (1987). . . . . [I]n line with state constitutional and statutory requirements, the district courts of this state have jurisdiction to hear felony cases after a preliminary examination and filing of an information—without the charge ever being before a grand jury. I.C. § 19–1301 (Courts "possess and may exercise the same power and jurisdiction to hear, try, and determine prosecutions upon information for crimes ... as they possess and may exercise in cases of like prosecutions upon indictments."); *In re Winn*, 28 Idaho at 462, 154 P. at 498.

*Id*. at 728.

Petitioner is incorrect in his argument that "a felony falls under federal rules and laws," and that, as a result, the court had a duty to ensure that he waived prosecution by indictment. (Dkt. 21, p. 4.) The Federal Rules of Civil Procedure have no application in a *state* felony criminal case. In addition, the Fifth Amendment guarantee of the right to indictment by a grand jury applies only to federal convictions. The Supreme Court has long held that there is no federally protected right to indictment by a grand jury in state criminal proceedings. *Hurtado v. California*, 110 U.S. 516 (1884); *Alexander v. Louisiana*, 405 U.S. 625, 633 (1972)).

There is no other basis in the record from which one could find that Petitioner is actually innocent of the charge of felony DUI. Therefore, Petitioner is not entitled to application of the miscarriage of justice exception.

5.   **Petitioner's Request for Additional Court Transcripts**

Petitioner requests "the release of all court transcripts held by the Cassia County District Court under case #CR-2011-6452." (Dkt. 23, p. 1.) Petitioner alleges that the transcripts are needed to "document evidence to be added to this case." (*Id.*, p. 2.) Petitioner has attached a letter he wrote to the Cassia County court reporter seeking "comments made by Mr. Blaine Cannon from 10:47 A.M. to 10:48 A.M" during Petitioner's sentencing hearing. (Dkt. 23, p. 4.)

Petitioner has already informed the Court and Respondent that the content of the comment sought is that Mr. Cannon said, "Me and Mr. Soper have a long history together." (Dkt. 21, p. 2.) For purposes of the Motion to Dismiss, the Court will assume that Mr. Cannon made that statement at Petitioner's sentencing. Petitioner attempts to use this statement to assert that Mr. Cannon had previously aided a public defender who functioned as Petitioner's defense counsel for a misdemeanor DUI charge in 1998, and that Mr. Cannon had a conflict of interest that amounted to "prosecutorial misconduct" and "prosecutorial vindictiveness." (*Id.*)

The Court concludes that Petitioner has not alleged that the one-minute set of comments from Mr. Cannon, or any other transcript in the record, would aid his cause and prejudice or miscarriage of justice argument. If Petitioner is attempting to bring a new

**MEMORANDUM DECISION AND ORDER - 12**

prosecutorial misconduct claim or produce new evidence in support of his other claims, he is not entitled to have the Court address the merits of his claims without first adequately addressing the threshold issue of procedural default. The transcripts are not necessary to aid Petitioner at this stage of the proceedings. Accordingly, the request will be denied as moot.

6.  **Conclusion**

Claim 3 is not cognizable on federal habeas corpus review. For the reasons set forth above, the Court concludes that Claims 1, 2, and 4 are procedurally defaulted. Petitioner has not shown that cause and prejudice exists to excuse the default of his claims, nor has he shown that he is actually innocent of the crime of which he was convicted. Accordingly, this entire action will be dismissed with prejudice.

**ORDER**

**IT IS ORDERED:**

1. Petitioner's Motion for Extension of Time (Dkt. 18) is GRANTED.
2. Petitioner's Motion to Order Release of Court Transcript (Dkt. 23) is DENIED as MOOT.
3. Respondent's Motion for Extension of Time (Dkt. 24) is GRANTED.
4. Petitioner's Motion for Summary Update (Dkt. 27) is MOOT.
5. The Motion for Summary Dismissal (Dkt. 16) is GRANTED, and the Petition for Writ of Habeas Corpus (Dkt. 3) is DISMISSED with prejudice.

6. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the United States Court of Appeals for the Ninth Circuit. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.



DATED: November 7, 2014

Honorable Candy W. Dale
United States Magistrate Judge